UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

        Plaintiff,

v.                                                        Cr. No. 06-538 JCH

DANUEL DEAN QUAINTANCE, and
MARY HELEN QUAINTANCE,

        Defendants.

## MEMORANDUM OPINION AND ORDER

This matter comes before the Court on Defendants Danuel Dean Quaintance and Mary Helen Quaintance's *Joint Second Motion to Dismiss the Indictment*, dated July 31, 2008 [Doc. no. 347**]**.  After considering the written brief and applicable law, the Court concludes that the motion is not well taken and should be denied.

### DISCUSSION

The basis for Defendants' motion is Defendants' assertion that "the case upon which the District Court previously relied in denying Defendants' earlier motions to dismiss, *United States v. Meyers*, 95 F.3d 1475 (10th Cir. 1996), doesn't control the instant case, as the RFRA, upon which *Myers* relied, has been amended by the passage of the RLUIPA in 2000" [Doc. no. 347 at 3].

This same argument has largely already been made in Defendant Danuel Quaintance's *Motion to Reconsider Denial of Motion to Dismiss Indictment*, dated April 26, 2007 [Doc. no. 219], and the Court thoroughly discussed and rejected it in its *Memorandum Opinion and Order,* dated May 9, 2007 [Doc. no. 235] denying Defendant's motion.

Defendants argue that this Court should not have followed the Tenth Circuit's decision in *Meyers* because in 2000, Congress enacted the Religious Land Use and Institutionalized Persons Act ("RLUIPA"), which defines "religious exercise" as "any exercise of religion, whether or not compelled by, or central to, a system of religious belief."  42 U.S.C. § 2000cc-5(7)(A).  At the same time, Congress incorporated the RLUIPA's definition of "religious exercise" into the Religious Freedom Restoration Act ("RFRA").  *See* 42 U.S.C. § 2000bb-2(4).  Prior to 2000, and at the time the Tenth Circuit decided *Meyers*, the RFRA defined "exercise of religion" as "the exercise of religion under the First Amendment to the Constitution." *Id*.  Defendants argue that the revised definition of "religious exercise" is broader than the original definition, and that invalidates the multi-pronged test adopted in *Meyers* to determine what constitutes "religious" beliefs.  *Meyers*, 95 F.3d at 1483-84.  This argument fails for at least two reasons.

First, the RLUIPA only addresses state and local laws relating to land use regulations or prisoners in state facilities.  Clearly, this case concerns neither land use nor prison conditions, and Defendants are charged with a violation of federal law.  Defendants argue that, even though the context of this case is different from those addressed in the RLUIPA, the new legislation nonetheless broadened the protected "exercise of religion" in *all* contexts.  Defendants cite two Tenth Circuit cases for this proposition: *Kikumura v. Hurley*, 242 F.3d 950, 960-61(10th Cir. 2001) and *Grace United Methodist Church v. City of Cheyenne*, 451 F3d 643, 663 (10th Cir. 2006).  However, *Kikumura* concerned the rights of a prisoner to receive pastoral visits in prison, and *Grace United* concerned a land use regulation, so clearly the revised definition of "exercise of religion" in the RLUIPA was germane to those two cases.  The Court reads both cases as applying only in the context of a RLUIPA claim, and does not find that either case

overturned *Myers* or any of the cases based on the *Myers* methodology.  Absent an explicit holding to the contrary by the Tenth Circuit, *Myers* is still the law in this Circuit, and the decisions based on it remain valid.[1]

Furthermore, and most importantly, Defendants have failed to explain how the *Meyers* factors are incompatible with the expanded definition of "religious exercise" found in the RLUIPA.  Under the definition in the RFRA, the claimant had to demonstrate that the religious activity being burdened was mandated by or, at the very least, fundamental to the claimant's religion.  Under the expanded definition in the RLUIPA, *any* exercise of religion is protected whether or not it is compelled by or central to a system of religious belief.  However, in order to be protected, the activity in question still must be pursued as part of a "religion."  The *Meyers* framework, designed specifically to help a reviewing court determine whether a the context in which a particular activity is pursued is "religious," still informs that issue.  Simply broadening the definition of "exercise of religion" gives no help to Defendants, as the analysis of what constitutes a "religion" has not changed.

### CONCLUSION

**WHEREFORE**, for the foregoing reasons, Defendants Danuel Dean Quaintance and Mary Helen Quaintance's Joint Second Motion to Dismiss the Indictment, dated July 31, 2008

---

[1] Defendants also argue that the Ninth Circuit's recent opinion in *Navajo Nation v. United States Forest Service*, 479 F.3d 1024, 1033 (9th Cir. 2007) requires this court to consider the broader definition of "exercise of religion" in all contexts.  In that case, the Ninth Circuit held that any of its prior RFRA decisions which relied upon the old definition of "religious exercise" were no longer good law.  However, the Ninth Circuit has no power to overrule a Tenth Circuit decision such as *Meyers*, which remains the law in this Circuit.

**[Doc. No. 347]** is hereby **DENIED**.

Dated this 6th day of August 2008.

                                              JUDITH C. HERRERA
                                              UNITED STATES DISTRICT JUDGE