# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

        Plaintiff,

v.                                                  Cr. No. 06-538 JCH

DANUEL DEAN QUAINTANCE, and
MARY HELEN QUAINTANCE,

        Defendants.

## MEMORANDUM OPINION AND ORDER

This matter comes before the Court on Defendants Danuel Dean Quaintance and Mary Helen Quaintance's *Joint Motion for Release Pending Appeal*, dated December 24, 2008 [Doc. no. 403].  After considering the written brief and applicable law, as well as the argument made at Defendants' sentencing on January 8, 2009, the Court concludes that the motion is not well taken and should be denied.

## DISCUSSION

Defendants pled guilty to a *Superseding Indictment* [Doc. 25], specifically to Count 1, Conspiracy to Possess with the Intent to Distribute 100 Kilograms or More of Marijuana, and Count 2, Possession with the Intent to Distribute 50 Kilograms or More of Marijuana. Defendants have been released on conditions since March 9, 2006, and, to date, have been compliant with all conditions of release.  The Court sentenced Defendants on January 8, 2009, and granted the Defendants' request for voluntary surrender.

Under 18 U.S.C. § 3143(b), a person who has been found guilty of an offense and sentenced to a term of imprisonment, and who has filed an appeal, shall be detained unless the

Court finds each of the following: (1) by clear and convincing evidence that the person is not likely to flee or pose a danger to the community; (2) that the appeal is not for the purpose of delay; (3) that the appeal "raises a substantial question of law or fact"; and (4) that the substantial question of law of fact is "likely to result in: (a) reversal; (b) an order for a new trial; (c) a sentence that does not include a term of imprisonment; or (d) a reduced sentence to a term of imprisonment less than the total of the time already served plus the expected duration of the appeal process." 18 U.S.C. § 3143(b)(1)(B).

The Court agrees with Defendants's contention that their record of compliance with all of the conditions of their release has demonstrated, by clear and convincing evidence, that they are not likely to flee or pose a danger to the safety of any other person or the community. *See* 18 U.S.C. § 3143(b)(1)(A). The Court also agrees with Defendants's contention that the filing of their appeal is not done for purposes of delay. *See* 18 U.S.C. § 3143(b)(1)(B). Thus, the Court must determine whether Defendants' appeal "raises a substantial question of law or fact likely to result in reversal [or] an order for a new trial." *Id.*

Defendants' argument focuses almost entirely on the "likely to result in reversal" requirement. Defendants are correct that the issue of whether a question raised is "likely to result in reversal [or] an order for a new trial" should be assessed according to how integral to the conviction the question is, rather than whether a defendant is actually likely to prevail in his appeal. In other words, if it is likely that a reversal of the conviction or a new trial will be granted on appeal if the question at hand is decided in the defendant's favor, the "likely to result in reversal" standard is met, regardless of the defendant's chances of actually prevailing on the question at hand. *See United States v. Affleck*, 765 F.2d 944, 953 (10th Cir. 1985) (*citing United States v. Miller*, 753 F.2d 19, 24 (3d Cir. 1985)).

However, Defendants' argument glosses over the initial requirement that the question of law be "substantial." The *Affleck* court's *en banc* decision interpreting what constitutes a "substantial" question under 18 U.S.C. § 3143(b) relied in part on its finding that Congress promulgated the law "to reverse the presumption in favor of bail pending appeal under the former [version of section 3143] and to make the standards for granting bail pending appeal more stringent." *Affleck*, 765 F.2d at 952. Accordingly, the court held that "a 'substantial question' is one of more substance than would be necessary to a finding that it was not frivolous. It is a 'close' question, or one that very well could be decided the other way." *Id*. (*quoting United States v. Giancola*, 754 F.2d 898, 901 (11th Cir. 1985)).

Defendants base their argument that they should remain free on conditions of release pending appeal pursuant to 18 U.S.C. § 1343 on two questions of law: (1) whether the Tenth Circuit decision of *United States v. Myers*, 95 F.3d 1475 (10th Cir. 1996) remains viable, and (2) whether, after 1996, marijuana can legally be maintained as a Schedule I drug under the Controlled Substances Act. Even granting Defendants' contention that prevailing on either one of these questions would likely result in reversal, the Court does not find that Defendants qualify for release pending appeal because it does not find that either of these questions meets the strict criteria for what constitutes a "substantial" question of law as set forth by the *Affleck* court. The Court has previously given extensive explanations of its rulings on these issues. *See, e.g.,* Docs. 235 and 359 as well as the record of the hearing held on August 8, 2008. The Court recognizes that the context of its decision today requires it to undergo a further level of analysis, namely, not only whether this Court's application of existing precedent raises a "close question," but also whether existing Tenth Circuit precedent "very well could be decided the other way" and be revised on appeal. *Affleck*, 765 F.2d at 962. After once again reviewing the case law, the Court

simply does not find that these questions reach the required level of controversy to qualify as "substantial."

Further, the Court sees nothing in the circumstances of this case to enable it to find that Defendants have "clearly shown that there are exceptional reasons" why their detention is not appropriate as contemplated by 18 U.S.C. § 3145(c).

## CONCLUSION

**WHEREFORE**, for the foregoing reasons, Defendants Danuel Dean Quaintance and Mary Helen Quaintance's *Joint Motion for Release Pending Appeal* [Doc. 403] is hereby **DENIED**.

JUDITH C. HERRERA
UNITED STATES DISTRICT JUDGE